RUFUS DWINAL *versus* JOHN B. SMITH *& al.*

Where the bill alleges a conspiracy between the defendants to defraud the plaintiff, and sets forth the acts done to effectuate the objects of the conspiracy, the case is cognizable in this Court as a court of equity.

The defendant in a bill in equity cannot refuse to make answer and discovery relative to the facts stated in the bill, on the ground, that if he should do so, it would render him liable to be prosecuted for a criminal offence, if the period fixed by law, within which he could be prosecuted, has elapsed before the answer is filed.

THIS was a bill in equity in favor of Rufus Dwinal against John B. Smith and Merritt D. Gilman, wherein the plaintiff alleged, setting forth the facts particularly, that on Oct. 6,

1837, Gilman was indebted to him in the sum of $683,50; that Gilman on that day conveyed to him certain real estate in payment thereof; that at this time, the plaintiff examined the records and could there find no notice of any conveyance, attachment, or incumbrance thereon, and that Gilman assured him, that there was none; that afterwards he discovered, that Smith had, on the twenty-second day of August preceding, privately attached the same premises, recovered judgment on his demand by default, and levied his execution upon the same; that the demand sued by said Smith was fictitious, and wholly without consideration, and made and received for the purpose of defrauding the plaintiff; that the said Smith and Gilman had combined together and with others, to convey away the property, and place it where it should be held for the benefit of Gilman ; and that he has demanded possession of the premises of Smith, who sets up his pretended title, thus founded in fraud, and refuses to give up the possession thereof. The bill prays, that the defendants may be held to make disclosure and discovery of the facts, and that they may answer interrogatories, particularly propounded; that the levy may be decreed to be inoperative ; and said Smith compelled to release the same to the plaintiff; with a prayer for general relief.

The defendants jointly demurred to the bill.

*Ingersoll* argued in support of the demurrer, contending, that the Court have no jurisdiction of the case, because there was a complete and adequate remedy at law. The bill goes on the ground that the debt was fictitious, and the attachment and levy therefore void. The plaintiff should, in such case, have brought his writ of entry, instead of his bill in equity. *Holland* v. *Cruft*, 20 Pick. 321 ; *Adams* v. *Page*, 7 Pick. 542 ; *Fairfield* v. *Baldwin*, 12 Pick. 388 ; *Spear* v. *Hubbard*, 4 Pick. 143.

The plaintiff is not entitled to any discovery or answer from the defendants, on the ground, that by so doing they might criminate themselves. The bill charges a criminal offence upon the defendants ; and the law does not permit a

course which might force them to furnish evidence to be used against them in a criminal trial. It is an indictable offence by statute, and at common law. Rev. Stat. c. 161, § 2; c. 148, § 49; 16 Johns. R. 592; 1 Woodeson, 207; Story's Eq. Pl. 438; Wigram's Points of Discov. 82 and 259; 1 Sumn. 504.

*Hathaway*, for the plaintiff, contended, that the Court had jurisdiction of the case, as one of fraud. There was no adequate remedy at law. Nor could relief be obtained without discovery of the truth in some way to render it available. And for this purpose he is entitled to a discovery of the truth from the defendants. *Briggs* v. *French*, 1 Sumn. 504; 1 Story's Eq. Pl. 82 and 578; *Evans* v. *Chism*, 18 Maine R. 220; *Gordon* v. *Lowell*, 21 Maine R. 251.

The defendants cannot refuse to answer, on the ground, that the bill charges a crime; for it appears from the facts stated in the bill, that all prosecutions under it are barred by the statute of limitations. Rev. Stat. c. 167, § 15; Story's Eq. Pl. § 598; Hare on Discov. 147.

The demurrer should be overruled, because no causes of demurrer are assigned. Story's Eq. Pl. § 452, 453, 454.

The opinion of the Court was drawn up by

WHITMAN C. J. — The cause comes before us upon a demurrer to the plaintiff's bill. The causes of demurrer are not very technically or distinctly assigned, if they can be considered as assigned at all. It may be gathered, perhaps, that the intention of the demurrer is twofold; first, to deny that the bill presents a case entitling the plaintiff to relief in equity; and, secondly, that any discovery, which the defendants or either of them could make, would be unavailing for the purpose of establishing the facts set forth in the bill.

Without questioning the propriety of this course of proceeding, we may remark at once, that the stating part of the bill alleges a conspiracy between the defendants to defraud the plaintiff, and sets forth the acts done to effectuate the objects of the conspiracy. These make out a case clearly cognizable

in a court of equity.   The remedy may not be attainable at all, in such cases, without deriving evidence, of the facts set forth, from the defendants.   And, as to what the defendants can disclose, can only be known, when they shall have fully discovered what knowledge they have in reference to the facts relied upon.

In the argument of the counsel for the defendants, we are told, probably, what was intended by their allegation in the demurrer, that a good case for relief in equity was not presented by the bill, to wit: that the plaintiff had a plain and adequate remedy at law; but in a case of fraud this cannot be presumed, especially when a discovery is prayed for.

We are, also, in the argument, told, that the reason why the defendants cannot make a discovery, that would aid the plaintiff in recovering, is, that, if they were to make such discovery, it would render them liable to be prosecuted for a criminal offence.   But to this it is replied, by the counsel for the plaintiff, that the period within which they could be prosecuted for any such offence as is indicated, has elapsed.   And the authorities are to the effect, that in such case a disclosure cannot be refused.   Story's Eq. Pl. § 598, and cases there cited.   Our statute, c. 167, § 15, limits the prosecutions for such offences to the term of six years next after their commission.   And it matters not, if such were the fact, that such period had not elapsed at the time of the filing of the bill: it is sufficient that it has so elapsed before an answer is filed. Story's Eq. Pl. § above cited.

*Demurrer overruled.*